UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.A. BLACK,

       Plaintiff,

vs.                                                                   CIV 05-163 KBM/LCS

ERNIE KOS, individually, and
CLOVIS/CURRY COUNTY
CHAMBER OF COMMERCE,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

      Plaintiff D.A. Black is a professional photographer. In 2000, he alleges that he sold copies of his photographs to the Defendant Clovis/Curry County Chamber of Commerce ("Chamber") and provided duplicate slides of the photos when Defendant Ernie Kos asked his permission to use the pictures at a seminar. Black gave the slides to Kos on the condition that she would not under any circumstance reproduce them in any form or fashion without Black's express written consent. *See Doc. 1* (State Court Complaint at ¶¶ 4-8 and attached exhibits). Black asserts that the parties agreed that "[a]ny reprints/ reruns or unauthorized use will be billed at 100% full market price of applicable use." *Id.* at Exh.3.

      Almost three years ago, Plaintiff discovered that the Chamber used his photographs for a membership directory. When Black demanded that such use cease and that it pay him for the "unauthorized use" of the images, theChamber did so. *Id.,* ¶¶ 9-11. In January 2004, Plaintiff discovered images of his photographs displayed on two websites featuring Clovis, New Mexico.

Again he demanded that the Chamber stop using the photographs and pay him for the "unauthorized use." According to Plaintiff, this time the Chamber refused. *Id..* at ¶¶ 12-14.

Plaintiff then brought suit in state court on January 3, 2005 asking for injunctive and monetary relief. *See id.* (prayer for relief). On February 14, 2005, Defendants timely removed the case to federal court on the basis that Plaintiff's suit sounded in copyright, over which the federal courts have original and exclusive jurisdiction pursuant to 20 U.S.C. § 1338(a). *See id.* (Notice of Removal ¶¶ 2-3); *see also* 28 U.S.C. § 1338(a) ("The district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . . Such jurisdiction shall be exclusive of the court of the states in . . .copyright cases.").

In lieu of an Answer, Defendants immediately moved to dismiss the Complaint on the ground that Plaintiff never registered his photographs with the Copyright Office, a prerequisite to bringing suit under the federal Copyright Act. *See Doc. 4.* Plaintiff responded by seeking a remand to state court. Black contends that the Complaint raises only a state law breach of contract claim, and that he is not seeking to enforce a copyright. *See Doc. 6.*

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3 & 10.* Because I find that this Court lacks subject matter jurisdiction, I will remand this matter pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

The owner of a registered copyright under the federal statute has the exclusive rights to that copyright and can sue to enforce it. *See* 17 U.S.C. §§ 106, 106A, 411, 501-505. Because

2

Plaintiff did not copyright his photographs, he has no enforceable rights under the federal statute.[1] Defendants apparently take the position that a person who generates potentially copyrightable material but fails to do so under the federal law, loses any right whatsoever to recover for the wrongful use of those materials.

I have studied the authorities submitted by the Defendants, and I recognize that there is a trend toward applying the doctrine of complete preemption to the federal Copyright Act. However, the Tenth Circuit is ***not*** among the circuits that have revised their approach to conclude that the federal Copyright Act "completely preempts" state law. The Supreme Court has not spoken on the issue, nor has a clear consensus emerged among the circuits.[2] Therefore, I follow the terms of the federal statute and binding authority from the Tenth Circuit.

The federal copyright statute does preempt state common or statutory law, but only those laws that grant "legal or equitable rights ***that are equivalent*** to any of the exclusive rights within the general scope of [the federal Copyright Act]." *Id.* at § 301(a) (emphasis added). Conversely, "[n]othing in this title annuls or limits any rights or remedies under the common law or statute of any State with respect to . . . activities violating legal or equitable rights that are not equivalent to

---

[1] Because Black did not intend to state a cause of action for copyright infringement under federal law, and the state contract claim is not preempted, Defendants' motion to dismiss such a claim is moot.

[2] *See Ritchie v. Williams,* 395 F.3d 283, 286 (6th Cir. 2005) ("Since this case involves removal of claims stated only in state law terms, we must determine whether or not the doctrine of complete preemption applies to the Copyright Act. Although this Circuit and most other Circuits have not addressed the question directly, the Second and the Fourth Circuits have held that the doctrine of complete preemption applies in copyright cases."); *see also id.* at 282, n.3 ("In determining under § 301 whether or not a particular state law cause of action is 'equivalent' to a federal copyright infringement action, most circuits (including this one) have referred to the 'extra element test.' . . . Under this analytical device, if the state claim requires an 'extra element' beyond those required for copyright infringement, then it is not 'equivalent,' and therefore not preempted. . . . If there is no 'extra element,' or the 'extra elements' are merely 'illusory,' then the claim is equivalent to a copyright action, it is preempted by the Copyright Act and the federal courts have exclusive jurisdiction to hear it.").

any of the exclusive rights within the general scope of copyright." *Id.* at § 301(b)(3).

New Mexico has no such "equivalent" law that creates or protects copyrights. A statute entitled "Protection of Copyrights" was repealed in 1987. *See* N.M. STAT. ANN. §§ 57-4-1 to 57-4-7. The only other New Mexico statute regarding copyrights merely provides that copyrighted materials, as defined under the federal Copyright Act, that are generated by state employees are the property of the State. *See id.,* §§ 57-3C-1 to 57-3C-5. I have found no state decision that recognizes a common law remedy because the material at issue is copyrightable. Thus, New Mexico lacks a copyright law under which Plaintiff could sue in the first instance.

Nor is Black's "unauthorized use" claim – now posed as breach of contract theory – an "equivalent" within the meaning of the federal statute. Presumably Plaintiff seeks to recover under the written conditions appended to his transfer of the duplicate slides of pictures he had sold to the Chamber of Commerce. Under Tenth Circuit precedent, only if the New Mexico claim for breach of contract is "equivalent" to a federal copyright cause of action does the federal Copyright Act completely preempt this state cause of action.

A court "takes the wrong approach by focusing its preemption analysis on the conduct alleged to support the two causes of action." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.,* 82 F.3d 1533, 1543 (10th Cir) (internal quotations and citation omitted), *cert. denied,* 519 U.S. 928 (1996). That is, I cannot focus on the fact that Plaintiff has slides of pictures that he believes Defendants improperly used without compensating him. *Id.* Rather, in determining whether Plaintiff's state breach of contract claim "asserts rights equivalent to those specified in § 106 of the Copyright Act  – and is thereby preempted by § 301– ***we compare the elements of the causes of action, not the facts pled to prove them.***" *Id.* (emphasis added).

4

"To prove a copyright infringement under the federal Copyright Act, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Id.* (internal quotations and citation omitted).  To prove breach of contract, Plaintiff must demonstrate that there was an agreement concerning the scope of use of the slides and that Defendants breached the agreement by failing to abide by their end of the bargain.  *E.g.,* N.M. UNIFORM JURY INSTRUCTIONS – CIVIL, § 13-822 (and Committee comment).  Whether Plaintiff owns a valid copyright in the photographs, or the photographs are "original," or the photographs were "copied" has no bearing on the state law cause of action.

Even if Black did have a valid federal copyright, his state breach of contract claim could continue.  Because the breach of contract claim requires proof of completely different and "extra" elements – the existence of an enforceable contract – the state cause of action is not preempted as a matter of federal law.  *Harolds Stores, Inc.*, 82 F.3d at 1543 ("Because  Harold's Oklahoma Antitrust Act claim requires proof of an extra element separate from that required for Harold's [federal] copyright infringement claim, we hold that § 301 of the Copyright Act does not preempt the Oklahoma Antitrust Act, Okla. Stat. tit. 79, § 1.").[3]

---

[3] The result is the same if Plaintiff were to assert alternative bases for recovery such as promissory or equitable estoppel.  *E.g., Khalsa v. Levinson*, 133 N.M. 206, 212, 62 P.3d 297, 303 (N.M. App. 2002) ("The elements of promissory estoppel are a promise which induced the promisee's action or forbearance, the promisee's reliance must have been reasonable, the promisee's action or forbearance must have amounted to a substantial change in position, the promisee's action or forbearance must have been actually foreseen by the promisor when making the promise, and the enforcement of the promise is required to prevent injustice."); *Lopez v. State,* 122 N.M. 611, 617, 930 P.2d 146, 152 (1996) ("The essential elements of an equitable estoppel as related to the party estopped are:  (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts.  As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to

In summary, this Court lacks subject matter jurisdiction over the matter because the parties are not diverse, Plaintiff's complaint raises only a state claim, and the federal Copyright Act does not preempt that state claim. I find, however, that Defendants had an arguable basis removing the matter, due in part to the lack of a clear theory of recovery in Plaintiff's Complaint. Therefore, I decline to award Plaintiff any costs or fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand *(Doc. 6)* is GRANTED, and Defendants' Motion To Dismiss *(Doc. 4)* is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this matter is remanded to the Ninth Judicial District Court, County of Curry, State of New Mexico. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall certify a copy of this order of remand and mail it to the clerk of the state court, whereupon the state court may proceed with the case.

```
                                   /s/ Karen B. Molzen
                                   _____
                                   UNITED STATES MAGISTRATE JUDGE
                                   Presiding by consent.
```

---

change his position prejudicially.") (internal quotations and citation omitted).